IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § | |
| Plaintiff, § § | Civil Action No. |
| v. § § | C O M P L A I N T |
| BRAND ENERGY SOLUTIONS, L.L.C. § F/K/A BRAND SCAFFOLD BUILDERS, § L.L.C., § § | JURY TRIAL DEMAND |
| Defendant. § | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the bases of sex, female, and retaliation and to provide appropriate relief to Lynette Hayes who was adversely affected by such practices. More specifically, Plaintiff, Equal Employment Opportunity Commission alleges that the Operations Manager of Brand Energy Solutions, L.L.C. f/k/a Brand Scaffold Builders, L.L.C. (hereinafter "Defendant"), sexually harassed Lynette Hayes by subjecting her to unwelcome touching, unsolicited comments of a sexual nature, and other incidents of a hostile nature such as locking her in a trailer, all in violation of Section 703(a) of Title VII. The Equal Employment Opportunity Commission further alleges that Lynette Hayes was constructively discharged, when forced to quit her employment, because her employment conditions became so intolerable. Further, the Equal Employment Opportunity Commission

alleges that Defendant retaliated against Lynette Hayes by interfering with her subsequent employment in violation of Section 704(a) of Title VII after her employment ended with Defendant.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Corpus Christi Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Delaware Corporation doing business in the State of Texas and the City of Corpus Christi, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Lynette Hayes filed a charge with the Commission alleging violations of Title VII by Defendant.

7. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least November 12, 2006, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) and Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). These unlawful employment practices include:

   a. Subjecting Lynette Hayes to a hostile work environment based on her sex, female;

   b. Constructively discharging Lynette Hayes, forcing her to quit her employment by making the conditions of her employment intolerable as a result of the sexual harassment; and

   c. Subjecting Lynette Hayes to retaliation after her employment ended with Defendant by interfering with her subsequent employment.

9. The effect of the practices complained of in paragraph eight has been to deprive Lynette Hayes of equal employment opportunities and to otherwise adversely affect her status as an employee because of her sex, female, and because she complained of and/or reported the sexual harassment.

10. The unlawful employment practices complained of in paragraph eight above were intentional.

11. The unlawful employment practices complained of in paragraph eight above were done with malice or with reckless indifference to the federally protected rights of Lynette Hayes.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants,

employees, attorneys, and all persons in active concert or participation with them, from subjecting its female employees to a sexually hostile work environment because of their sex and from any other employment practice which discriminates on the basis of sex;

  B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any form of retaliation for engaging in conduct protected by Title VII;

  C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and individuals who participate in Title VII protected activity, and which eradicate the effects of its past and present unlawful employment practices;

  D. Order Defendant to make whole Lynette Hayes by providing appropriate back pay with prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to reinstatement of Lynette Hayes or front pay in lieu thereof;

  E. Order Defendant to make whole Lynette Hayes by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph eight, in an amount to be determined at trial;

  F. Order Defendant to make whole Lynette Hayes by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraph eight, including, but not limited to, emotional pain, suffering, humiliation, anxiety, inconvenience, and loss of enjoyment of life, in an amount to determined at trial;

  G. Order Defendant to pay Lynette Hayes punitive damages for engaging in discriminatory practices with malice or reckless indifference to Ms. Hayes' federally protected

rights, as described in paragraph eight, above, in an amount to be determined at trial;

      H.      Grant such further relief as the Court deems necessary and proper in the public interest; and

      I.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*/s/ Robert A. Canino*
*with permission by David C. Rivela*
_____

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782


*/s/ Judith G. Taylor*
*with permission by David C. Rivela*
_____

JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas Bar No. 19708300
Federal ID No. 14850
e-mail: judith.taylor@eeoc.gov

/s/ David C. Rivela
_____
DAVID C. RIVELA
Trial Attorney
Texas State Bar No. 00797324
Federal ID No. 32914
e-mail: david.rivela@eeoc.gov
Attorney-in-Charge

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7619
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**